# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Case No. 17-mj-2813 |
| v. | * | |
| | * | |
| | * | |
| CARLOS F. LANCASTER, | * | |
| | * | |
| | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's Motion for Expungement of Criminal Record. ECF No. 15. Defendant petitions the Court to expunge the dismissed charges in this case from his criminal record. No hearing is necessary. L.R. 105.6.

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014). "The term 'ancillary jurisdiction' refers to the court's power to hear claims that are closely linked to other claims over which the court's jurisdiction is otherwise secure." *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017). "'Ancillary' jurisdiction applies to related *proceedings* that are technically separate from the initial case that invoked federal subject-matter jurisdiction." *United States v. Mettetal*, No. 16-6871, 2017 WL 6003365, at \*2 n.1 (4th Cir. Dec. 4, 2017) (unpublished) (quoting *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014)).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function

successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*McKnight*, 33 F. Supp. 3d at 580 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)); *see Mettetal*, 2017 WL 6003365, at *3.

Neither circumstance applies to petitions for equitable expungement, however. *Mettetal*, 2017 WL 6003365, at *4. First, "a request for equitable expungement is not factually dependent on the underlying criminal case in any sense that matters. Instead, it will always turn on facts collateral to or arising after the case is over—in short, matters external to the criminal case itself." *Wahi*, 850 F.3d at 302. Thus, the facts underlying Defendant's dismissed charges are not interdependent with any equitable circumstances that he may claim justify expungement. *See Mettetal*, 2017 WL 6003365, at *4 ("Here, the reasons Mettetal gives to support his petition for equitable expungement [of his criminal record of his arrest and overturned convictions] are that he has not run afoul of the law since he was arrested in 1995 and that his criminal record has had adverse professional and personal consequences. These matters, however, arose after he was arrested and involve facts quite separate and distinct from the criminal proceedings themselves. As such, Mettetal's petition is not 'interdependent' with anything that was properly before the federal court. It therefore 'requires its own basis for jurisdiction.'" (quoting *Kokkonen*, 511 U.S. at 378)); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2160 (2017).

Second, "the power to expunge judicial records on equitable grounds is not incidental to the court's ability to function successfully *as a court*. Equitable expungement is not needed to enable the court to 'manage its proceedings' for the simple reason that the criminal proceedings are over." *Wahi*, 850 F.3d at 302 (citing *Kokkonen*, 511 U.S. at 380). "Nor is expungement authority needed to enable the court to 'vindicate its authority' or 'effectuate its decrees.'" *Id.*

2

(citing same).  Moreover, "[e]quitable considerations which arise after the termination of court proceedings do not operate to vitiate decrees that went into effect years earlier."  *Mettetal*, 2017 WL 6003365, at *4; *see Doe*, 833 F.3d at 198.  Thus, *Kokkonen*'s second prong is not satisfied.

In short, "ancillary jurisdiction does *not* include a general equitable power to expunge judicial records in a criminal case."  *Wahi*, 850 F.3d at 302-03; *see Mettetal*, 2017 WL 6003365, at *5; *Field*, 756 F.3d at 914-17 (affirming district court's conclusion that it lacked ancillary jurisdiction to expunge defendant's arrest record after dismissing charges).  Defendant's petition to expunge the dismissed charges in this case from his criminal record (ECF No. 15) is, therefore, **DISMISSED** for lack of jurisdiction.

Date: March 20, 2018                                          /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge